1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   TROY D. BROSIOUS,                           No.: 15-cv-00047-KJM-DAD

12                    Plaintiff,

13          v.                                    ORDER

14   JP MORGAN CHASE BANK, N.A.; and
     DOES 1 through 50, inclusive,[1]
15
16                    Defendants.

17          This matter is before the court on the motion by defendant JP Morgan Chase Bank,

18   N.A. (Chase) to dismiss the complaint filed by plaintiff Troy D. Brosious.  (Def.'s Mot. to

19   Dismiss, ECF No. 8.)  Plaintiff opposes the motion.  (Pl.'s Opp'n, ECF No. 14.)  The court finds

20   /////

21

22          [1]  Plaintiff identifies a number of Doe defendants.  The Ninth Circuit has held that if a
     defendant's identity is not known before the complaint is filed, a "plaintiff should be given an
23   opportunity through discovery to identify the unknown defendants."  *Wakefield v. Thompson*,
     177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*,
24   629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff is warned, however, that Doe defendants will be
     dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint
25   would be dismissed on other grounds."  *Id.* (quotation marks omitted) (quoting *Gillespie*,
     629 F.2d at 642).  Plaintiff is also warned that Federal Rule of Civil Procedure 4(m) is applicable
26   to Doe defendants.  That rule provides the court must dismiss defendants who have not been
     served within 120 days after the filing of the complaint unless good cause is shown.  *See Glass v.
27   Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive
     Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

                                                  1

1   the motion appropriate for decision without oral argument.  As explained below, the court

2   DENIES in part and GRANTS in part defendant's motion.

3   I.      FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

4           Plaintiff is the owner of real property located at 1875 Avenida Martina in

5   Roseville, California (subject property).  (Compl. ¶ 1, ECF No. 2.)  Defendant is a national

6   association engaged in mortgage related activities and is the servicer of the loan secured by the

7   subject property.  (*Id.* ¶¶ 1–3.)  On October 24, 2005, a deed of trust (DOT) was recorded with the

8   Placer County Recorder's Office.  (Def.'s Req. Judicial Notice, ECF No. 9.)  The DOT secured a

9   $500,000 loan, encumbering the subject property.  (*Id.*)

10          Plaintiff alleges as follows.  A notice of trustee's sale was scheduled on July 11,

11  2012, "but had been postponed month-to-month, thereafter."  (Compl. ¶ 10.)  As of February 25,

12  2013, the loan's balance was $548,597.70.  (*Id.* ¶ 11.)  Defendant wrongfully "added to this

13  principal approximately $115,000, increasing the principal to $664,517.61."  (*Id.*)  Plaintiff

14  alleges that defendant "induced" him to enter into a loan modification agreement with a loan

15  balance of $664,517.61.  (*Id.* ¶ 9.)  Plaintiff further alleges that Chase "wrongfully incorporated

16  into this amount fees and penalties which were not due under the terms of the loan, the loan

17  payments for an approximate period of one year after plaintiff had already relinquished

18  possession of the subject property to Chase, and payments that were made for [eleven months]

19  under a certain Trial Plan process."  (*Id.* ¶ 12.)  In doing so, plaintiff alleges Chase "has failed to

20  account for payments being dully [sic] made per the Modification since April 1, 2013, by not

21  deducting those payments from the correct balance . . . ."  (*Id.* ¶ 14.)  Rather, "Chase reported that

22  no payments were made by [p]laintiff for those months."  (*Id.*)

23          Plaintiff commenced this action in the Placer County Superior Court on

24  October 27, 2014, alleging six claims: (1) equitable accounting; (2) declaratory relief;

25  (3) conversion; (4) unjust enrichment; (5) reformation of modification; and (6) violation of

26  California's Business and Professions Code section 17200, *et seq.* (UCL).  (*See generally*

27  Compl.)  Defendant removed the case on January 8, 2015, invoking this court's diversity-of-

28  citizenship jurisdiction, 28 U.S.C. § 1332.  (ECF No. 2 at 2.)  Defendant now moves to dismiss

1    plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 8 at

2    2.)  Plaintiff opposes the motion (ECF No. 14), and defendant has replied (Def.'s Reply, ECF No.

3    15).

4    II.      LEGAL STANDARD ON A MOTION TO DISMISS

5            Federal courts exercising diversity jurisdiction apply the substantive law of the

6    state in which they are located, here California, and federal procedural rules.  *Erie R.R. Co. v.*

7    *Tompkins*, 304 U.S. 64, 78 (1938).  Under Federal Rule of Civil Procedure 12(b)(6), a party may

8    move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A

9    court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts

10   alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

11   (9th Cir. 1990).

12           Although a complaint need contain only "a short and plain statement of the claim

13   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to

14   dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

15   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

16   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more

17   than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

18   conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting

19   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

20   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

21   its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the

22   interplay between the factual allegations of the complaint and the dispositive issues of law in the

23   action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

24           In making this context-specific evaluation, this court "must presume all factual

25   allegations of the complaint to be true and draw all reasonable inferences in favor of the

26   nonmoving party."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

27   does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*,

28   478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict

                                                      3

1 matters properly subject to judicial notice," or to material attached to or incorporated by reference

2 into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3 III.    JUDICIAL NOTICE

4            As an initial matter, defendant requests that this court take judicial notice of the

5 DOT, recorded with the Placer County Recorder's Office on October 24, 2005, as instrument

6 number 2005-0142748.  (ECF No. 9.)  Defendant's request is unopposed.  The court GRANTS

7 defendant's request because the DOT is a public record.  *See Harris v. Cnty. of Orange*, 682 F.3d

8 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record

9 . . ."); *accord Lam v. JP Morgan Chase Bank, N.A.*, No. 12-1434, 2012 WL 5827785, at *1 (E.D.

10 Cal. Nov. 15, 2012), *aff'd sub nom. Lam v. JPMorgan Chase Bank NA*, No. 12-17753, 2015 WL

11 1088803 (9th Cir. Mar. 13, 2015).

12 IV.    DISCUSSION

13           A.    Equitable Accounting

14           To bring a claim for equitable accounting, a plaintiff must show that there is "some

15 balance due the plaintiff that can only be ascertained by an accounting."  *Teselle v.*

16 *McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).  Here, the complaint does not allege plaintiff

17 seeks an accounting of money defendant owes him.  The court GRANTS defendant's motion to

18 dismiss.  *See Deschaine v. IndyMac Mortgage Servs.*, No. 13-1991, 2013 WL 6054456, at *7

19 (E.D. Cal. Nov. 15, 2013).  However, the court GRANTS plaintiff leave to amend, if plaintiff can

20 do so consonant with Rule 11.  In his opposition brief, plaintiff represents he can cure the

21 complaint's deficiency.  (*See* ECF No. 14 at ("If the [c]ourt determines [the equitable accounting

22 claim] lacks the required allegations for an equitable accounting then leave to amend is requested

23 to so allege them consistent with the case authority including that defendant does owe money

24 . . . .").)

25           B.    Declaratory Relief

26           The propriety of granting declaratory relief in federal court is a procedural

27 question governed by federal law, even when the court's jurisdiction is based on diversity of

28 citizenship.  *See Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 753 (9th Cir.

4

1   1996), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir.

2   1998) (en banc).  In *Golden Eagle*, the Ninth Circuit noted that while "[t]he complaint [plaintiff]

3   filed in state court was for declaratory relief under California's declaratory relief statute," "[w]hen

4   [defendant] removed the case to federal court, based on diversity of citizenship, the claim

5   remained one for declaratory relief, but the question whether to exercise federal jurisdiction to

6   resolve the controversy became a procedural question of federal law."  103 F.3d at 753.  In any

7   event, whether state or federal law governs makes little difference; the standards are broadly

8   equivalent.  *Compare* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction ...

9   any court of the United States, upon the filing of an appropriate pleading, may declare the rights

10  and other legal relations of any interested party seeking such declaration, whether or not further

11  relief is or could be sought."), *with* Cal. Civ. Proc. Code § 1060 ("Any person interested under a

12  written instrument ... or under a contract ... may, in cases of actual controversy relating to the

13  legal rights and duties of the respective parties, bring an original action . . . for a declaration of his

14  or her rights and duties . . . . [T]he court may make a binding declaration of these rights or duties,

15  whether or not further relief is or could be claimed at the time.").

16         The federal Declaratory Judgment Act provides that "[i]n a case of actual

17  controversy within its jurisdiction . . . any court of the United States . . . may declare the rights

18  and other legal relations of any interested party seeking such declaration, whether or not further

19  relief is or could be sought."  28 U.S.C. § 2201(a).  To fall within the Act's domain, the "case of

20  actual controversy" must be "'definite and concrete, touching the legal relations of parties having

21  adverse legal interests,' . . . 'real and substantial' and 'admi[t] of specific relief through a decree

22  of a conclusive character, as distinguished from an opinion advising what the law would be upon

23  a hypothetical state of facts.'"  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138

24  (2007) (alteration in original) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300

25  U.S. 227, 240–41 (1937)).

26         Here, the complaint alleges an actual controversy between plaintiff and defendant

27  with respect to their rights and duties under the modification agreement.  (Compl. ¶ 17.)

28  Specifically, the complaint alleges defendant, among other things, "wrongfully incorporated into

5

1 the [modification] amount fees, penalties, and additional principal which were not due under the

2 terms of the loan . . . and . . . failed to account for payments being duly made per the

3 [m]odification since April 1, 2013 . . . ." (*Id.*)  Hence, plaintiff seeks "a judicial determination as

4 to the correct amount due per the [m]odification in order that [p]laintiff may ascertain his own

5 rights and duties."  (*Id.* ¶ 18.)  Plaintiff concludes his allegations: "A judicial determination of the

6 rights and responsibilities of the parties over the [m]odification is necessary and appropriate at

7 this time in that . . . [d]efendant maintains the amount stated . . . as principal is correct and

8 defendant has failed to give credit and report the payments being made per the [m]odification."

9 (*Id.* ¶ 19.)

10        Accordingly, because declaratory relief is not a separate cause of action, but rather

11 a remedy, it remains available as a remedy if plaintiff prevails on a claim and shows declaratory

12 relief is an appropriate remedy under the circumstances.  *See  Gardner v. Nationstar Mortgage*

13 *LLC*, No. 14-1583, 2015 WL 1405539, at *12 (E.D. Cal. Mar. 26, 2015).  In his first amended

14 complaint, plaintiff should clarify whether there is a basis for a separate claim for declaratory

15 relief.  *See id.*  Plaintiff is advised to provide coherent facts and cogent legal arguments to support

16 his first amended complaint, if he can do so consonant with Rule 11.

17        C.      Conversion

18        Conversion is defined as "the wrongful exercise of dominion over the [personal]

19 property of another."  *L.A. Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012)

20 (quoting *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998)).  To establish a conversion

21 claim, a plaintiff needs to show the following: (1) ownership or right to possession of personal

22 property at the time of the conversion; (2) a defendant's exercise of dominion over a plaintiff's

23 personal property by a wrongful act; (3) lack of consent; and (4) causation and harm.  *Madatyan*,

24 209 Cal. App. 4th at 1387.

25        "Money cannot be the subject of a cause of action for conversion unless there is a

26 specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to

27 another and fails to make the payment."  *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th

28 /////

1457, 1491 (2006).  A "generalized claim for money [is] not actionable as conversion." *Vu v. California Commerce Club, Inc.*, 58 Cal. App. 4th 229, 235 (1997).

Here, the allegations are not clear enough to put defendant on notice.  While the essence of the claim is clear, that plaintiff paid money to defendant, who did "not apply[] it to anything" (ECF No. 14 at 7), plaintiff must, at least, identify the sum involved.  *See McKell*, 142 Cal. App. 4th at 1491.  More specifically, plaintiff should clarify the following allegations: "Plaintiff paid a substantial sum of money to Chase including payments for a period of approximately one year . . ."; and "payments that were made for an approximate 11 month period . . ." (Compl. ¶ 21).  *See Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202, 216 (2014) ("A plaintiff must specifically identify the amount of money converted.").  The court GRANTS defendant's motion to dismiss plaintiff's conversion claim, with leave to amend, if plaintiff can do so consonant with Rule 11.

D.    Unjust Enrichment

Unjust enrichment, as defendant argues, is not an independent cause of action, but rather is part of a quasi-contract claim "to avoid unjustly conferring a benefit upon a defendant where there is no valid contract." *Ram v. Wachovia Mortg., FSB*, No. 10-1834, 2011 WL 1135285, at *9 (E.D. Cal. Mar. 25, 2011).  The elements of an unjust enrichment claim are "'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).

Here, the allegations are insufficient to state an unjust enrichment claim.  Specifically, the complaint does not allege the absence of a valid contract.  *See Lopez v. Washington Mut. Bank, F.A.*, No. 09-1838, 2010 WL 1558938, at *10 (E.D. Cal. Apr. 19, 2010) (the complaint did "not allege sufficient facts to maintain a plausible claim for unjust enrichment" because "no allegations in the complaint support a claim that no contract exists between the parties").  The court GRANTS defendant's motion with leave to amend if plaintiff can do so consonant with Rule 11.

/////

7

E.      Reformation of Modification

California Civil Code section 3399 describes the conditions under which a contract may be reformed:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

Cal. Civ. Code § 3399.

"The intention of the parties, as stated in Civil Code section 3399, refers to a single intention which is entertained by both parties." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 908 (2013). "The essential purpose of reformation is to reflect the intent of the parties." *Jones v. First Am. Title Ins. Co.*, 107 Cal. App. 4th 381, 389 (2003). "Although a court of equity may revise a written instrument to make it conform to the real agreement, it has no power to make a new contract for the parties, whether the mistake be mutual or unilateral . . . ." *Am. Home Ins. Co. v. Travelers Indem. Co.*, 122 Cal. App. 3d 951, 963 (1981).

Here, the allegations are insufficient to state a claim for reformation. Plaintiff alleges there was a "mutual mistake . . . in the determination of the correct amount of the unpaid principal . . ." and seeks to reform that amount "to reflect the true and correct amount." (Compl. ¶ 29.) He alleges the correct amount is $548,597.70, and not $664,517.61. (*Id.* ¶ 11.) It was a mistake, plaintiff alleges, because, among other things, defendant did not deduct payments plaintiff made from the balance. (*Id.* ¶ 28.) But the allegations do not establish the common intent element. *See Am. Home Ins. Co.*, 122 Cal. App. 3d at 964. There is nothing specific in the complaint indicating that both parties intended the amount of the modification to be $548,597.70. The court GRANTS defendant's motion to dismiss plaintiff's reformation claim with leave to amend if plaintiff can do so consonant with Rule 11.

/////

/////

/////

8

F.     UCL

    1.     Standing

Defendant argues plaintiff has not suffered an economic injury.  (ECF No. 10 at 6-7.)  Plaintiff counters because the amount of the modification is incorrect, he pays "interest and principal he does not owe."  (ECF No. 14 at 10.)

To have standing under the UCL, a plaintiff must have "suffered injury in fact" and "lost money or property."  Cal. Bus. & Prof. Code § 17204.  Because the "injury in fact" requirement under the UCL is the same as that for federal standing, to establish "injury in fact" here, a plaintiff must establish that there was "an invasion of a legally protected interest which is (a) concrete and particularized . . . ; and (b) actual or imminent, not conjectural or hypothetical." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (internal quotation marks and citations omitted).  However, unlike the federal "injury in fact" requirement, to have standing under the UCL, plaintiff must prove an economic injury.  *Id.* at 323.  Lost money or property "is itself a classic form of injury in fact."  *Id.*

Here, the court finds plaintiff has pled sufficient economic injury.  As mentioned above, plaintiff alleges the amount of the loan modification he challenges is higher by $115,000. (Compl. ¶ 11.)  Because the amount of the modification is higher than plaintiff allegedly bargained for, plaintiff makes payments that are higher than expected.  Hence, the economic injury requirement is satisfied.  Plaintiff has standing to pursue his UCL claim.

    2.     Remedy

The UCL limits remedies to injunctive relief and restitution.  *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005).  Here, only restitution is at issue, in that plaintiff does not seek injunctive relief.  (*See* Compl.)

Defendant argues the complaint "does not allege any facts demonstrating that Chase has obtained funds in which [p]laintiff has an ownership interest."  (ECF No. 10 at 7.) Plaintiff counters he "has an ownership interest in the monies paid on the loan which were wrongfully added to it."  (ECF No. 14 at 11.)

/////

1         While restitution can refer to a disgorgement of something that was taken and also

2  can refer to compensation for injury, in the UCL context, restitution "is limited to the return of

3  property or funds in which the plaintiff has an ownership interest." *Madrid*, 130 Cal. App. 4th at

4  453. That is, under the UCL, "an individual may recover profits unfairly obtained to the extent

5  that these profits represent monies given to the defendant or benefits in which the plaintiff has an

6  ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003).

7  "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he

8  or she has an ownership interest." *Id.* at 1149.

9         Here, the complaint's allegations are sufficient to establish the restitution remedy

10  under the UCL. Plaintiff seeks to recover the monies he has paid to defendant on a modified loan

11  that he alleges defendant unfairly increased by $115,000. (Compl. ¶ 11.) As such, if plaintiff

12  prevails, he would be entitled to return of the excess monies he gave to defendant. Plaintiff has

13  alleged a sufficient remedy to pursue his UCL claim.

14         3.  Grounds of a UCL Claim

15         To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or

16  fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising."

17  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal

18  quotation marks omitted). "The scope of the UCL is quite broad." *McKell v. Washington Mut.,*

19  *Inc.*, 142 Cal. App. 4th 1457, 1471 (2006). Because the statute is phrased in the disjunctive, a

20  practice may be unfair or deceptive even if it is not unlawful, or vice versa. *Lippitt*, 340 F.3d at

21  1043. Here, plaintiff relies on the unfairness prong. (*See* Compl. ¶¶ 31–37.)

22         A business practice is unfair within the meaning of the UCL if it violates

23  established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes

24  injury to consumers which outweighs its benefits." *McKell*, 142 Cal. App. 4th at 1473. The

25  determination whether a practice is unfair "is one of fact which requires a review of the evidence

26  from both parties[,] and "thus cannot usually be made on [motions to dismiss.]" *Id.*

27         Here, the allegations are sufficient to survive defendant's motion to dismiss.

28  Plaintiff alleges unscrupulous acts that cause injury to consumers and that outweigh any benefits:

Defendants engaged in unfair business practices by wrongfully incorporating in the amount fees and penalties which were not due under the terms of the loan, the loan payments for an approximate period of a year in which plaintiff had relinquished possession of the Subject Property to Chase, payments that were made for an approximate 11 month period under a certain Trial Plan process and had failed to account for payments being duly made per the Modification since April 1, 2013 by not deducting those payments from the correct balance and by failing to report to credit agencies those payments.

(Compl. ¶ 34.)

At this stage of litigation, plaintiff's allegations are sufficient to state a UCL claim based on the unfairness prong of the UCL. *Cf. Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1129 (C.D. Cal. 2012). The court DENIES defendant's motion to dismiss this claim. *See Gardenswartz v. SunTrust Mortgage, Inc.*, No. 14-08548, 2015 WL 900638, at *7 (C.D. Cal. Mar. 3, 2015) ("[I]t is a 'rare situation in which granting a motion to dismiss [a UCL claim] is appropriate.'" (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)) (last alteration in original)).

V.      CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part defendant's motion. Plaintiff shall have twenty-one (21) days from the date of this order to file a first amended complaint consistent with this order. This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: June 1, 2015.

UNITED STATES DISTRICT JUDGE