UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY D. BROSIOUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK, N.A., and DOES 1 through 50, inclusive,[1]<br><br>　　　　　Defendants. | No. 2:15-cv-00047-KJM-DAD<br><br><br>ORDER |

This matter is before the court on the motion by defendant JP Morgan Chase Bank, N.A. (Chase) to dismiss plaintiff Troy D. Brosious's complaint. (Def.'s Mot. to Dismiss, ECF No. 21.) Plaintiff opposes the motion. (Pl.'s Opp'n, ECF No. 26.) Defendant has replied. (ECF

/////

---

[1] Plaintiff identifies a number of Doe defendants. The Ninth Circuit has held that if a defendant's identity is not known before the complaint is filed, a "plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that Doe defendants will be dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint would be dismissed on other grounds." *Id.* (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is also warned that Federal Rule of Civil Procedure 4(m) is applicable to Doe defendants. That rule provides the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless good cause is shown. *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

1

No. 30.)  The court finds the motion appropriate for decision without oral argument.  As explained below, the court GRANTS in part and DENIES in part defendant's motion.

I.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is the owner of real property located at 1875 Avenida Martina in Roseville, California (subject property).  (Pl.'s First Am. Compl. (Compl.) ¶ 1, ECF No. 20.)  Defendant is a national association engaged in mortgage related activities and is the servicer of the loan secured by the subject property.  (*Id.* ¶¶ 1–3.)  On October 24, 2005, a deed of trust (DOT) was recorded with the Placer County Recorder's Office.  (Def.'s Req. Judicial Notice, Ex. 1, ECF No. 23.)[2]  The DOT secured a $500,000 loan, encumbering the subject property.  (*Id.*)

Plaintiff alleges as follows.  A notice of trustee's sale was scheduled on July 11, 2012, "but had been postponed month-to-month, thereafter."  (Compl. ¶ 10.)  As of February 25, 2013, the loan's balance was $548,597.70.  (*Id.* ¶ 11.)  Defendant wrongfully "added to this principal approximately $115,000, increasing the principal to $664,517.61."  (*Id.*)  Plaintiff alleges that defendant "induced" him to enter into a loan modification agreement with a loan balance of $664,517.61.  (*Id.* ¶ 9.)  Plaintiff further alleges that Chase "wrongfully incorporated into this amount fees and penalties which were not due under the terms of the loan, the loan payments for an approximate period of one year after plaintiff had already relinquished possession of the subject property to Chase, and payments that were made for [eleven months] under a certain Trial Plan process."  (*Id.* ¶ 12.)  In doing so, plaintiff alleges Chase "has failed to account for payments being dully [sic] made per the Modification since April 1, 2013, by not deducting those payments from the correct balance . . . ."  (*Id.* ¶ 14.)  Rather, "Chase reported that no payments were made by [p]laintiff for those months."  (*Id.*)

---

[2]  Defendant requests that this court take judicial notice of the DOT, recorded with the Placer County Recorder's Office on October 24, 2005, as instrument number 2005-0142748.  (ECF No. 23.)  Plaintiff has not opposed.  The court GRANTS defendant's request because the DOT is a public record.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . ."); *accord Lam v. JP Morgan Chase Bank, N.A.*, No. 12-1434, 2012 WL 5827785, at *1 (E.D. Cal. Nov. 15, 2012) *aff'd sub nom. Lam v. JPMorgan Chase Bank NA*, No. 12-17753, 2015 WL 1088803 (9th Cir. Mar. 13, 2015).

    Plaintiff commenced this action in the Placer County Superior Court on October 27, 2014, alleging six claims: (1) equitable accounting; (2) declaratory relief; (3) conversion; (4) unjust enrichment; (5) reformation of modification; and (6) violation of California's Business and Professions Code section 17200, *et seq.* (UCL).  (*See generally* Original Compl., ECF No. 2.) Defendant removed the case on January 8, 2015, invoking this court's diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.  (ECF No. 2 at 2.)  Defendant then moved to dismiss plaintiff's complaint based on Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 8 at 2.)  On June 2, 2015, the court granted in part and denied in part defendant's motion.  (Order, ECF No. 19.)  The court dismissed with leave to amend plaintiff's claims for equitable accounting, conversion, unjust enrichment, and reformation.  (*Id.* at 4–8.)  The court denied defendant's motion as to plaintiff's UCL claim.  (*Id.* at 9–11.)  The court also directed plaintiff to clarify whether there is a basis for a separate claim for declaratory relief.  (*Id.* at 5.)

    Plaintiff filed the first amended complaint that is the subject of the instant motion on June 23, 2015.  (ECF No. 20.)  In it, plaintiff withdrew his claims for declaratory relief, conversion, unjust enrichment, and reformation of modification. (*See id.*)  The amended complaint alleges two claims: (1) equitable accounting and (2) violation of the UCL.

II.   LEGAL STANDARD ON A MOTION TO DISMISS

    A federal court exercising diversity jurisdiction applies the substantive law of the state in which it is located, here California, and federal procedural rules. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III.  DISCUSSION

  A.  Equitable Accounting

Defendant argues plaintiff's equitable accounting claim should be dismissed because (1) the allegations do not establish a special relationship exists between plaintiff and defendant and (2) the allegations do not show an accounting is necessary.  (ECF No. 22 at 5–7.)

An accounting claim is equitable in nature, designed to prevent unjust enrichment. *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (1977); *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996, 2012 WL 6553988, at *23 (N.D. Cal. Dec. 14, 2012).  It "is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice." *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1119–20 (E.D. Cal. 2014) (internal quotation marks omitted).  However, "[a]n accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *Civic W. Corp.*,

4

66 Cal. App. 3d at 14 (internal quotation marks omitted).  Similarly, "[a] suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law."  *Id.* (internal quotation marks omitted); *see also Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 594 (1995) ("There is no right to an accounting where none is necessary.").

        To bring a claim for accounting, a plaintiff must show (1) that a relationship exists between the plaintiff and defendant that requires an accounting; and (2) that some balance is due to the plaintiff that can only be ascertained by an accounting.  *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009); *see also Fleet v. Bank of Am. N.A.*, 229 Cal. App. 4th 1403, 1413 (2014) ("A cause of action for accounting requires a showing of a relationship between the plaintiff and the defendant, such a fiduciary relationship, that requires an accounting or a showing that the accounts are so complicated they cannot be determined through an ordinary action at law."); *accord Dahon N. Am., Inc. v. Hon*, No. 11-05835, 2012 WL 1413681, at *12 (C.D. Cal. Apr. 24, 2012); *Shkolnikov*, 2012 WL 6553988, at *23.  To have a right to an accounting, a plaintiff must also allege misconduct by a defendant.  *Union Bank*, 31 Cal. App. 4th at 593–94 (holding because "defendant has proven it engaged in no misconduct . . . , plaintiffs have no right to an accounting").  "[A] fiduciary relationship between the parties is not required to state a cause of action for accounting.  All that is required is that some relationship exists that requires an accounting."  *Teselle*, 173 Cal. App. 4th at 179.  As a California Court of Appeal observed,

> the nature of a cause of action in accounting is unique in that it is a means of discovery.  An accounting is a species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due.  Thus, the purpose of the accounting is, in part, to discover what, if any, sums are owed to the plaintiff, and an accounting may be used as a discovery device.  An action for accounting is not amenable to a motion for summary judgment or summary adjudication upon a showing that plaintiff does not possess and cannot reasonably obtain the evidence needed to compel the accounting, because the very purpose of the accounting is to obtain such evidence.

*Id.* at 180 (internal quotation marks and citations omitted).

        Here, plaintiff has not sufficiently alleged a claim for equitable accounting.  First, while, as noted above, a fiduciary relationship is not necessary, plaintiff's allegations do not explain why the parties' relationship here suffices to state a claim for an accounting, especially,

5

when "courts often find, to the contrary, that a mortgagor-lender relationship does not suffice." *Saridakis v. JPMorgan Chase Bank*, No. 14-06279, 2015 WL 570116, at *3 (C.D. Cal. Feb. 11, 2015); *Hon*, 2012 WL 1413681, at *12 ("An accounting requires a relationship, but not necessarily a fiduciary relationship.").

Second, the allegations do not explain why "the total amount of payments" made by plaintiff cannot "be ascertained without resort to accounting." *Shkolnikov*, 2012 WL 6553988, at *23. The complaint alleges "[t]he amount due to plaintiff . . . is approximately $115,000" (Compl. ¶ 15), and an "accounting is necessary as there are various amounts that compose the $115,000 . . ." (*id.* ¶ 16). Despite the allegations that "accounting is necessary," plaintiff goes on to list the specific transactions, with their corresponding amounts, which comprise the amount he seeks to recover. (*Id.* ¶¶ 18–24.) These allegations do not show "some balance due the plaintiff that can only be ascertained by an accounting" when plaintiff actually pleads the line items adding up to the balance. *Teselle*, 173 Cal. App. 4th at 179. Additionally, "there is nothing to suggest that the accounting is so complicated that Plaintiffs cannot ascertain the true sum owed through discovery in this action." *Cnty of Santa Clara v. Astra USA, Inc.*, No. 05-03740, 2006 WL 2193343, at *6 (N.D. Cal. July 28, 2006).

The court GRANTS defendant's motion to dismiss plaintiff's equitable accounting claim with leave to amend if plaintiff can do so consonant with Rule 11. Leave to amend is granted given plaintiff's claim in his opposition brief that a lender-borrower relationship would suffice for purposes of stating an equitable accounting claim. (ECF No. 26 at 4–5.) In addition, he asserts he can allege facts "consistent with the case authority . . . ." (*Id.* at 6.) *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001) (even if not considered in determining the sufficiency of a complaint, "new" facts in plaintiff's opposition papers can be considered by courts in deciding whether to grant leave to amend).

B. Defendant's General Objection

While defendant does not specifically attack plaintiff's second claim, it argues plaintiff's first amended complaint "is a confusing collection of allegations, and it lacks a coherent narrative." (ECF No. 22 at 3.) It reasons that "[g]iven the highly ambiguous and

disorganized nature of the [first amended complaint], it is impossible to decipher the bases of [p]laintiff's causes of action." (*Id.* at 4.) Accordingly, defendant urges this court to dismiss plaintiff's entire complaint for not complying with Federal Rule of Civil Procedure 8. (*Id.* at 4–5.) Plaintiff counters, "[t]he [first amended complaint] more than sufficiently give [sic] defendant knowledge [sic] of the alleged wrongdoing in order for it to answer and conduct discovery." (ECF No. 26 at 7.)

As the Supreme Court held in *Twombly*, Rule 8 does not require "detailed factual allegations," 550 U.S. at 555, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678. Here, while plaintiff's amended complaint is not an exemplary pleading, it gives defendant fair notice of the nature of the claims against it. The only remaining claim besides the equitable accounting claim is plaintiff's UCL claim. (ECF No. 20 at 6–7.) In its prior June 2, 2015 order, the court addressed the sufficiency of the allegations of the UCL claim and found them sufficient to survive defendant's motion to dismiss. (ECF No. 19 at 9–11.) *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). Defendant presents no sound argument for the court now to depart from that decision. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.").

IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part defendant's motion. Plaintiff shall have twenty-one (21) days from the date of this order to file a second amended complaint consistent with this order. This order resolves ECF No. 21.

IT IS SO ORDERED.

DATED: September 2, 2015.

_____
UNITED STATES DISTRICT JUDGE